WILLIAM H. OLDFIELD, PETITIONER-DEFENDANT, v. NEW JERSEY REALTY COMPANY, RESPONDENT-PROSECUTOR.

Argued January 20, 1948—Decided May 12, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Isador Kalisch* and *Henry M. Grosman.*

For the defendant, *Harry Lane, Jr.*

The opinion of the court was delivered by

HEHER, J. There was an award of compensation to an injured employee under *R. S.* 34:15–7, *et seq.;* and the sole question for decision is whether the action was commenced within the time limited by sections 34:15–41 and 34:15–51.

The accident occurred on October 2d, 1943. The petition for compensation was not filed until March 1st, 1946. But on March 7th, 1944, the employer's insurance carrier compensated a physician for medical services rendered in the treatment of the employee's injuries from the time of the mishap until November 22d, 1943 (the charge was $25); and the decisive inquiry is whether this recompense constituted the payment of "a part of the compensation" payable· by the employer within the intendment of section 34:15–51, cited *supra.*

The employee invokes the case of *Betsy Ross Ice Cream Co.* v. *Greif,* 127 *N. J. L.* 323. The employer perceives a distinction between that case and this, in that here the payment

was made by the insurance carrier directly to the physician, while in the cited case the employer "reimbursed" the injured employee for moneys expended by him in the purchase of a surgical belt and bandages, payments which the employer was obliged to make under the Compensation Act and which the employee "could have enforced," and so "compensation payments" within the view of section 34:15–51, *supra.* The insistence is that the payment "must be one required by the act, such as payment of compensation to the employee, or payment to the employee reimbursing him for necessary medical aid," as in the cited case, and that a payment by the insurance carrier to "a third party," a physician who had rendered medical service to the injured employee, is not "a payment of compensation" or "an agreement to pay compensation" within the purview of the cited statute. It is said that a physician who renders service to an employee "on the order of the employer or its insurance carrier * * * can obtain payment therefor, but not in accordance" with the Compensation Act; his "rights" are enforceable only by "his common-law right of action." But the distinction is plainly illusory.

As Mr. Justice Bodine pointed out in the case cited *supra,* the making of compensation for medical service is the payment of "compensation" within the sense of section 34:15–51, *supra;* and it is immaterial whether the payment be made to the injured employee, by way of reimbursement for such expenditure made or obligation incurred, or directly to the physician. The statute provides that the petition for compensation may be filed within two years after the failure of the employer to render payment pursuant to the terms of an agreement for compensation made between him and the claimant, or within two years after the last payment of compensation in case a part of the compensation has been paid by the employer; that "Any payment made in accordance with the provisions" of article II of the Compensation Act "shall constitute an agreement for compensation," and that "A payment, or agreement to pay by the insurance carrier, shall for the purpose of" that section "be deemed a payment or agreement by the employer." Section 34:15–51, *supra.* Under section

34:15–15, the employer is under a duty to furnish all necessary medical service to the injured workman, with a limitation of liability in certain circumstances unless there shall be a previous determination of the need as therein provided. Here, the payment was evidently made in the discharge of what the employer conceived to be its statutory duty; and it is of no consequence that it was made directly to the physician rather than to the employee. It is the substance rather than the form of the transaction which determines its character. In either event, the payment is one of "compensation" in statutory intendment which fixes the period of limitation.

The writ of *certiorari* is dismissed, with costs.